**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMAAL TURNQUEST,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-12-1654** |
| v. : | |
| : | **(Judge Caputo)** |
| **DELBERT G. SAUERS,** : | |
| : | |
| Respondent : | |

**M E M O R A N D U M**

**I.   Introduction**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Jamaal Turnquest, an inmate currently incarcerated at the Low Security Correctional Institution at Allenwood, in White Deer, Pennsylvania. Mr. Turnquest alleges the Bureau of Prisons' (BOP) has incorrectly calculated his federal sentence and that it should be adjusted in accordance with Section 5G1.3(b) of the United States Sentencing Guidelines (U.S.S.G.). He claims the Federal Bureau of Prisons (BOP) refuses to give him jail time credit awarded by the sentencing court. Specifically, Mr. Turnquest seeks credit toward his federal sentence for all time spent in state custody on related Maryland convictions. (Doc. 1, Pet., ECF p. 7.)

For the following reasons, the habeas petition will be denied.

**II.     Standard of Review**

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the proper means for challenging the BOP's alleged miscalculation of jail time credits. *See Cabada v. Zickefoose*, 432 F. App'x 161, 163 (3d Cir. 2011)(per curiam).

**III.    Background**

On August 24, 2006, the Cecil County drug task force arrested Mr. Turnquest.  (Doc. 9-1, ECF p. 3.)  He was released on bond on September 23, 2006.  (*Id*.)

On October 17, 2006, Mr. Turnquest was arrested by Pennsylvania authorities on a warrant for criminal activity in Maryland involving Cocaine and Cocaine Base.  (*Id*.)

On January 8, 2007, Mr. Turnquest was sentenced in the Circuit Court for Cecil County, Maryland, to a 15-month term of imprisonment for possession with intent to distribute cocaine, case number 07K06-00319.

On February 9, 2007, Mr. Turnquest was sentenced in the Circuit Court for Cecil County, Maryland, to an 8-year term of imprisonment with a 3-year suspended sentence for possession with intent to distribute cocaine, case number 07K06-001006.  This sentence was ordered to run consecutive to case number 07K06-000319.

On January 4, 2008, the United States Marshals Service temporarily borrowed Mr. Turnquest from the Maryland state authorities.  (*Id*., ECF p. 14.)

Following a jury trial in the United States District Court for the Eastern District of Pennsylvania, Mr. Turnquest was convicted of one count of conspiracy to distribute five kilograms or more of crack cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). *Turnquest v. United States*, Civ. No. 14-50, 2014 WL 2084893 (E.D. Pa. May 19, 2014). "That conviction arose from Turnquest's participation in an organized drug manufacturing and distribution organization that operated in parts of Philadelphia and in Cecil County, Maryland." (*Id*., *1.)  On August 10, 2010, Mr. Turnquest "was sentenced to 264 months' imprisonment, five years supervised release, a $1000.00 fine, and a special assessment of $100.00." (*Id*.)  When sentencing Mr. Turnquest, the court:

> recognize[d] that the defendant ha[d] served approximately two years under a judgment by the Court of Maryland, and for all practical purposes it involves similar criminal activity and it should be credited here in the calculation of a variance with up to twenty-four months.
> . . .
>
> So in practical terms the Court will grant the motion for a variance. And the question will be how far – how much of a variance should be granted in this case. So by way of analogy we will look at some of these factors and see how they apply.
>
> So we begin with the guideline calculations of life. We will roughly apply a methodology of eighteen to one for the calculation of the drugs in this case. I think both parties agree that under that calculation it will lead to an offense level of forty-one, that is thirty-six plus five.
>
> For the offense level of forty-one under criminal history category I, that will reduce the sentence to the bottom of the guidelines. There will be three hundred and twenty-four months or will go to roughly twenty-seven years.

> We will then *reduce that two more years by crediting the defendant with the time that he served in the State of Maryland*, bringing that to a calculation of twenty-five years.
>
> Then taking the other factors into account that I have outlined for you here, the appropriate calculation in this case will be twenty-two years in custody, which I believe is two hundred and sixty-four months.

(Doc. 9-1, ECF pp. 33-35)(emphasis added).  Mr. Turnquest's Judgment in his federal criminal case, was "silent" regarding its relationship to any un-dishcarged state sentence.  (*Id.*, ECF pp. 16-17.)   As the State of Maryland retained primary jurisdiction over Mr. Turnquest, he was returned to state custody on October 4, 2010.  (*Id.*, ECF p. 8 and p. 12.)

On November 7, 2011, Mr. Turnquest was released from the Maryland authorities on parole and turned over to federal authorities based on a federal detainer.  (*Id.*, ECF p. 12 and pp. 25-26.)   The United States Marshals Service assumed primary custody of Mr. Turnquest on this date to serve the remainder of his 264-month sentence.

The BOP officials computed Mr. Turnquest's 264-month federal sentence as commencing on November 7, 2011, the date he was paroled from his Maryland sentence.  (*Id.*, ECF p. 30.)  Mr. Turnquest received credit for the time spent in state custody that the State of Maryland did not award him towards his state sentence: (1) August 24, 2006; and (2) October 17, 2006 through October 30, 2006.  (*Id.*)  Mr. Turnquest's projected release date is February 7, 2031, via good conduct release.  (*Id.*)

In March 2012, Mr. Turnquest wrote to the sentencing court requesting an adjustment of his sentence.  He requested the sentencing court clarify that his federal sentence was to run concurrent, pursuant to U.S.S.G. § 5G1.3(b), to his related undischarged state sentences when it specified he would receive credit for time "spent in State of Federal custody prior to [him] being sentenced" in federal court on August 10, 2010.  (*Id*., ECF p. 42.)  On April 11, 2012, the sentencing court denied Mr. Turnquest's request.  In doing so, it held:

> The Court accounted for the time Defendant served in state prison for relevant conduct in granting a variance and arriving at the sentence of 264 months of imprisonment. Thus, Defendant's sentence of imprisonment already accounts for time served in state custody, and Defendant is not entitled to additional credit.

(*Id*., ECF p. 44.)

**IV.     Discussion**

The Attorney General is responsible for calculating a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served, for offenses committed after November 1, 1987.  *See* 18 U.S.C. § 3585; 28 C.F.R. § 0.96; *United States v. Wilson*, 503 U.S. 329, 331-32, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *Mehta v. Wigen*, No. 14-3166, 2015 WL 366124 (3d Cir. 2015).  The Attorney General has delegated this authority to the Director of the Bureau of Prisons.  28 C.F.R. § 0.96.  The computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of a two-step process:  (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit

to which petitioner may be entitled. *Chambers v. Holland*, 920 F.Supp. 618, 621 (M.D. Pa. 1996), *aff'd,* 100 F.3d 946 (3d Cir. 1996).

**A.   Commencement of Mr. Turnquest's Federal Sentence.**

A federal sentence commences "on the date that the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). It is, therefore, clear that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody...." 18 U.S.C. § 3585(a).

In determining the commencement date of a federal sentence under 18 U.S.C. § 3585(a), the court must first address whether the defendant was in primary federal or primary non-federal custody at the time the federal sentence was imposed. If the defendant was in primary federal custody, the federal sentence will commence upon imposition. 18 U.S.C. § 3585(a). However, if the defendant was in primary non-federal custody at the time the sentence was imposed, the BOP must determine whether the federal sentencing court expressly indicated its intent as to whether the federal sentence should run concurrently to or consecutively with the non-federal sentence.[1] *See* 18 U.S.C. § 3584(a) (authorizing a federal sentencing court to impose a sentence that runs concurrent to a state sentence). Pursuant to

---

[1] The sentencing court, and not the BOP, has the "authority to choose between concurrent and consecutive sentences." *Setser v. United States*, ___ U.S. ___, ___, 132 S.Ct. 1463, 1470, 182 L.Ed.2d 455 (2012).

18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively *unless the court orders* that the terms are to run concurrently." 18 U.S.C. § 3584(a)(emphasis added).  If directed by the sentencing court to run concurrent to an existing state sentence, the concurrent federal sentence commences on the date of its imposition, not on the date of the commencement of the prior sentence or some earlier date.  *Taylor v. Holt*, 309 F. App'x 591, 593 (3d Cir. 2009)(citing *Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983)).  Thus, the earliest possible date a federal sentence may commence is the date it was imposed.  *See Rashid v. Quintana*, 372 F. App'x 260, 262 (3d Cir. 2010).

It is also well established that a federal sentence does not begin to run when a defendant is taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum*, *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002), because the state remains the primary custodian in those circumstances.  *Bowman v. Wilson*, 672 F.2d 1145, 1153-54 (3d Cir. 1982).  Thus, a federal sentence may not commence until the non-federal custodian relinquishes the prisoner upon satisfaction of the prisoner's state obligation.  *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000), superceded on other grounds as stated in *United States v. Saintville*, 218 F.3d 246, 248-49 (3d Cir. 2000).

Here, Mr. Turnquest was in the primary custody of the State of Maryland when his federal sentence was imposed.  The fact that he was "borrowed" on writ from the Maryland authorities does not alter this fact.  *See Ruggiano,* 307 F.3d at 126*.*

Additionally, because the federal sentencing court did not direct that his federal sentence was to run concurrent to his pre-existing Maryland sentences, by operation of law, his federal sentence is deemed to run consecutive to his state sentences. *See* 18 U.S.C. § 3584.  The BOP cannot alter this fact.  *See Setser,* ___ U.S. at ___, 132 S.Ct. at 1470.  Thus, pursuant to 18 U.S.C. § 3585(a), Mr. Turnquest's 264-month federal sentence commenced to run on November 7, 2011, the date he was released by the Maryland Department of Corrections and turned over to federal authorities.

### B. Sentence Credit for Time Spent in Custody prior to the Commencement of Mr. Turnquest's Federal Sentence.

The second inquiry to be made in computing Mr. Turquest's federal sentence is to determine the amount of jail credit, if any, he is entitled to receive for time spent in custody prior to the commencement of his federal sentence.  It is the BOP, and not the sentencing judge, that determines if jail credits should be granted toward a federal sentence.  *Mehta*, 2015 WL 366124, *2 (citing *Wilson*, 503 U.S. at 334, 112 S.Ct. at 1354).

Credit for time spent in custody prior to the commencement of a federal sentence is controlled by 18 U.S.C. § 3585(b).  This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
> (1) as a result of the offense for which the sentence was imposed; or

-8-

>     (2) as a result of any other charge for which the defendant
>     was arrested after the commission of the offense for which
>     the sentence was imposed;
>
> *that has not been credited against another sentence.*

*Id.* (emphasis added). "Congress made clear that a defendant could not receive double credit for his detention time." *Wilson*, 503 U.S. at 337, 112 S.Ct. at 1355-56. Thus, pursuant to § 3585(b), the BOP cannot award prior custody credit if the prisoner has already received credit for that time toward another sentence. *United States v. Vega*, 493 F.3d 310, 314 (3d Cir. 2007); *Chambers*, 920 F.Supp. at 623 ("Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence.")

As previously noted, Mr. Turnquest's federal sentence commenced on the date he was received into federal custody, November 7, 2011. He could not receive prior custody credit for any time that was credited toward either of his state sentences. *See* 18 U.S.C. § 3585(b). Upon his receipt into custody by the BOP, it was determined that Mr. Turnquest had not received jail credit for the following days toward his state sentences: (1) August 24, 2006; and (2) October 17 - 30, 2006. (Doc. 9-1, ECF p. 30.) Thus, the BOP awarded him jail credit for these periods.

To the extent Mr. Turnquest contends the sentencing judge intended on making his sentence retroactively concurrent pursuant to U.S.S.G. § 5G1.3(b), this claim is not supported by the record and was clearly rejected by the sentencing court. At the time of sentencing, the court did not order that Mr. Turnquest's federal sentence run concurrent to his undischarged state sentences. (*Id.*, ECF pp. 16-21 and 33-39.) Furthermore, once in BOP custody, Mr. Turnquest raised this issue with

the sentencing court.  (*Id*., ECF p. 42.)  The sentencing court rejected his request for further adjustment of his sentence and noted that his 264-month sentence "already accounts for time served in state custody, and Defendant is not entitled to any additional credit."  (*Id*., ECF p. 44.)

**V.     Conclusion**

For these reasons, Mr. Turnquest's argument that he should receive additional jail credit towards his federal sentence for the time he spent in state custody prior to the imposition of his federal sentence is denied.  The BOP properly calculated Mr. Turnquest's sentence as commencing on November 7, 2011, and correctly awarded him 15 days prior jail time that he had not received credit for towards his state sentences.  The BOP has not ignored any order of the sentencing court to run his federal sentence concurrent to his then undischarged state sentences.  Based on the foregoing, Mr. Turnquest's petition for writ of habeas corpus is denied.

An appropriate Order follows.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: April 28, 2015**